**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5245**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

         v.

MOSHE DAYAN AITCH,

              Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry M. Herlong, Jr., Senior District Judge.  (7:08-cr-00211-HMH-1)

Submitted:  November 9, 2009          Decided:  November 19, 2009

Before MICHAEL, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Guy J. Vitetta, Charleston, South Carolina, for Appellant.  W. Walter Wilkins, United States Attorney, David C. Stephens, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Moshe Dayan Aitch was indicted, along with seven others, on a number of counts arising out of his participation in a fraudulent check cashing scheme in Spartanburg, South Carolina. Aitch pled guilty to possession of counterfeit securities, 18 U.S.C. §§ 513(a) and 2 (2006) (Count 1); obtaining money by false pretenses, 18 U.S.C. §§ 1344 and 2 (2006) (Count 3); and possession of identification of another person, 18 U.S.C. § 1028A(a)(1) (2006) (Count 4). The district court sentenced Aitch to a total term of 81 months imprisonment. He appeals, arguing that the court erred in its determination that Aitch was a leader or organizer of the underlying offense and, therefore, subject to the four-level enhancement to his base offense level. See United States Sentencing Guidelines (USSG) § 3B1.1(a) (2007).

The district court's determination that a defendant is a leader in the offense is a factual finding that is reviewed for clear error. United States v. Sayles, 296 F.3d 219, 224 (4th Cir. 2002). A defendant qualifies for a four-level enhancement if he "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." USSG § 3B1.1(a). Factors distinguishing a leadership or organizational role from lesser roles include: the exercise of decision making authority, the nature of

participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. USSG § 3B1.1, comment. (n.4). "Leadership over only one other participant is sufficient as long as there is some control exercised." United States v. Rashwan, 328 F.3d 160, 166 (4th Cir. 2003). Aitch does not contest that the counterfeiting operation in this case involved five or more participants or was otherwise extensive, but maintains that there was no evidence that he actually supervised anyone in that operation.

The district court's determination that Aitch was the leader in the offense was based on the statements of his co-defendants, all of whom were check-cashers in the underlying counterfeit check scheme, and the testimony of co-defendant Denise Maybin at his sentencing hearing. Maybin testified that she received the forged checks from Aitch and, although Aitch purported that he gave the proceeds of the fraudulent checks to "the man," she had never seen anyone else involved in the scheme. Maybin also stated that Aitch kept approximately 75 percent of the proceeds from the cashed checks. The court specifically found Maybin's testimony was credible while Aitch's was not. Credibility determinations are not reviewable on

appeal.  United States v. Lowe, 65 F.3d 1137, 1142 (4th Cir. 1995).  On this record, we find that the district court did not clearly err in finding that Aitch should receive the leadership role enhancement.

Aitch has also filed a motion to file a pro se supplemental brief in which he asserts that the district court's finding at sentencing as to the amount of loss constituted a Sixth Amendment violation in light of United States v. Booker, 543 U.S. 220 (2005).  However, under an advisory guidelines scheme, a district court does not violate the Sixth Amendment by making factual findings as to sentencing factors by a preponderance of the evidence as long as the fact-finding does not enhance the sentence beyond the maximum term specified in the substantive statute.  See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005) (holding that "Booker does not in the end move any decision from judge to jury, or change the burden of persuasion").  Because the district court appropriately treated the guidelines as advisory in sentencing Aitch, the enhancements based on the court's factual findings did not violate his Sixth Amendment rights.

Accordingly, we affirm Aitch's sentence.  We grant his motion to file a supplemental pro se brief, and we dispense with oral argument because the facts and legal contentions are

4

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED